UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff-Respondent, | ) |
| | ) Case No. 13-C-3372 |
| v. | ) |
| | ) Judge John W. Darrah |
| ADRIAN FECHETE, | ) |
| Defendant-Petitioner. | ) |

**MEMORANDUM OPINION AND ORDER**

Petitioner Adrian Fechete is currently serving a term of 262 months for wire fraud, receiving stolen property, conspiracy to commit money laundering, and aggravated identity theft. Fechete has moved, pursuant to 28 U.S.C. § 2255, to vacate his sentence. For the reasons stated below, Fechete's § 2255 Motion [1] is denied.

**BACKGROUND**

In 2006, Adrian Fechete was charged with a single count of wire fraud, in connection with a large-scale internet fraud scheme. *United States v. Fechete*, Case No. 06 CR 923-1, Dkt. No. 1. On February 15, 2007, Fechete filed a motion to substitute his court-appointed counsel, J. Clifford Greene, based on "a state of irreconcilable distrust." *Id*., Dkt. No. 113. The motion was denied by the Honorable Maria Valdez and the grand jury returned an indictment on March 8, 2007. In a letter dated May 27, 2007, Mr. Greene thoroughly explained Fechete's options going forward, as well as the sentencing implications of the charges. *Id*., Dkt. No. 444 at 8-10. Approximately three weeks later, Fechete again moved to substitute Mr. Greene, stating, "I need a trial attorney. Not a lawyer who says Plea Out. Please hear my prayer." *Id*., Dkt. No.

180. On June 21, 2007, this Court granted Fechete's motion, and Stanley Hill (by way of the Federal Defender Program) was appointed to replace Mr. Greene. *Id.*, Dkt. No. 184.

On June 28, 2007, Fechete was charged in a superseding indictment with six counts of wire fraud, in violation of 18 U.S.C. § 1343; four counts of receiving stolen property that had been transported interstate, in violation of 18 U.S.C. § 2315; one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A. On July 17, 2007, Mr. Hill filed fifteen motions regarding discovery and other substantive matters. *Id.*, Dkt. Nos. 207-221. In addition, on October 15, 2007, Mr. Hill filed motions to suppress evidence (*Id.*, Dkt. No. 296), to quash arrest (*Id.*), and to quash search warrants (*Id.*, Dkt. No. 298). At no point preceding trial did Fechete communicate an intention to plead guilty, nor did Fechete assert his counsel was not sharing discovery. On October 29, 2007, a jury found Fechete guilty of all charges. *Id.*, Dkt. No. 317.

On November 19, 2008, a sentencing hearing was held, at which Fechete was represented by new counsel, Stephen Eberhardt. In the Presentence Investigation Report ("PSR"), the United States Probation Office recommended that Fechete be held accountable for losses exceeding $1,000,000.00. Mr. Eberhardt filed a sentencing memorandum arguing in part that Fechete should not be held accountable for losses exceeding $1,000,000.00. This Court concluded that Fechete should be held accountable for lossess exceeding $1,000,000.00 suffered by greater than 250 victims and sentenced Fechete to serve 324 months of imprisonment and pay $186,000.00 in restitution.

Fechete appealed the loss amount determination and other aspects of his sentencing and convictions. *United States v. Aslan,* 644 F.3d 526 (7th Cir. 2011). The Government conceded

2

that no sufficient finding had been made as to the loss amount and that the conviction for aggravated identity theft should be reversed in light of the United States Supreme Court's decision in *Flores-Figueroa v. United States*, 556 U.S. 646 (2009). The United States Court of Appeals for the Seventh Circuit vacated Fechete's conviction for aggravated identity theft, affirmed his conviction for money laundering, and vacated and remanded his sentence for further proceedings. *Aslan*, 644 F.3d at 553.[1]

On remand, this Court again found that Fechete should be held accountable for losses exceeding $1,000,000.00 incurred by greater than 250 victims and resentenced Fechete to 262 months of imprisonment. Fechete appealed his new sentence, but his counsel, Michael Scudder, moved to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that Fechete had no non-frivolous issues to raise on appeal. The Court of Appeals granted Scudder's motion, and Fechete's appeal was dismissed. *United States v. Fechete*, 497 F. App'x 626, 631 (7th Cir. 2012).

On January 16, 2014, Fechete filed the instant motion under § 2255. Fechete alleges that he is entitled to relief for the following reasons: (1) counsel failed to dispute the use of Canadian convictions; (2) counsel failed to suppress search warrant evidence obtained through use of a coerced minor; (3) counsel failed to adequately review discovery with Fechete; (4) counsel failed to dispute loss amount; (5) this Court failed to order the manner in which restitution should be

---

[1] In Fechete's Reply brief, he cites the Seventh Circuit's vacating the aggravated identity theft claim to assert numerous new grounds upon which to base his Motion. However, "[t]he reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court." *U.S. v. Feinberg*, 89 F.3d 333, 341 (7th Cir. 1996). In fact, Fechete's Reply is nearly completely composed of new theories and arguments – an apparent attempt to circumvent the Court's denial of his Motion to Amend. (Dkt. No. 28.)

3

paid; (6) this Court did not allow Fechete to present 3553(a) argument; (7) counsel did not allow Fechete to plead guilty; (8) counsel failed to move to suppress recorded jail calls allegedly obtained by the Government without a subpoena.

## LEGAL STANDARD

Historically, *habeas corpus* relief has been viewed as "an extraordinary relief, 'a bulwark against convictions that violate fundamental fairness.'" *Brecht v. Abrahamson,* 507 U.S. 619, 633-34 (1993) (quoting *Engle v. Isaac,* 456 U.S. 107, 126 (1982)); *see also Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir. 1996) (relief under § 2255 is "reserved for extraordinary situations."). Section 2255 allows a prisoner to move to vacate, set aside, or correct his or her sentence if "the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a).

The relief described here is available only if there was "an error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Bischel v. United States,* 32 F.3d 259, 263 (7th Cir.1994) (quoting *Borre v. United States,* 940 F.2d 215, 217 (7th Cir.1992)). The district court must review the record and draw all reasonable inferences in favor of the government. *See Carnine v. United States,* 974 F.2d 924, 928 (7th Cir.1992). As Petitioner filed his petition *pro se,* it is entitled to a liberal reading. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Claims of ineffective assistance of counsel are reviewed under the two-prong test set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). Under this test, a petitioner must show

4

both: (1) that counsel's performance fell below an objective standard of reasonableness under the circumstances and (2) that the deficient performance prejudiced the defendant. *Id.* at 688–94. To establish prejudice, the petitioner must prove there is a reasonable probability the proceeding would have had a different result "but for counsel's unprofessional error." *Berkey v. United States,* 318 F.3d 768, 774 (7th Cir. 2003). If a petitioner fails to make a proper showing under one of the *Strickland* prongs, the court need not consider the other. *Strickland,* 466 U.S. at 697 ("In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant . . . .").

A district court's "review of the attorney's performance is 'highly deferential' and reflects 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Koons v. United States,* 639 F.3d 348, 351 (7th Cir.2011); *see also Cooper v. United States,* 378 F.3d 638, 641 (7th Cir.2004) ("Defense counsel is strongly presumed to have rendered adequate assistance and to have made significant decisions in the exercise of his or her reasonable professional judgment.").

## ANALYSIS

### *Canadian Conviction*

Fechete argues that his counsel's failure to dispute use of his Canadian charges in his sentencing was harmful in deciding his sentencing range. (Dkt. No. 20 at 5.) The PSR stated that Fechete had nine probationary dispositions for various criminal convictions in Canada between 1996 and 2003. *United States v. Fechete*, Case No. 06 CR 923-1, Dkt. No. 736. The

5

PSR correctly stated that foreign convictions are not counted for purposes of criminal history points, but they may be considered. U.S. Sentencing Guidelines Manual § 4A1.3(a)(1) ("If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted.").

Fechete has not shown, nor does he argue, that the record of the Canadian convictions identified by Probation was unreliable. Instead, Fechete cites *Descamps v. United States*, 133 S. Ct. 2276 (2013), a case that considered the appropriateness of prior convictions for purposes of a *sentencing enhancement* under the Armed Career Criminal Act. *Descamps* is inapplicable here because Fechete's Canadian convictions were not used to enhance his sentencing range. In fact, Fechete's brief quotes this Court as stating, "although[] that's not reflected in the [S]entencing [G]uidelines, it's something that I must consider." Fechete argues that, had counsel argued for the application of *Descamps*, "the Court would have been left with no alternative but to avoid the use of the Canadian documents." Because *Descamps* is inapplicable on this point, Fechete has shown no prejudice resulting from his counsel's inaction and, thus, failed to satisfy the second prong of the *Strickland* test.

*Government's Coercion of a Minor Child*

Fechete asserts that the Government obtained evidence used against Fechete at trial by "allow[ing] its [confidential informant, Gary Michael Schneider,] to use a minor child to further the investigation and obtain materials that were used against [Fechete]." (Dkt. No. 20 at 9-12.) The trial record reflects that Fechete was arrested on or about March 9, 2006, and his apartment was searched. (Dkt. No. 23, Ex. E.) Shortly after the search, Schneider received a frantic call

from Fechete's girlfriend, "Cristina," who told Schneider what the Government had missed in its search, information law enforcement then used to obtain a second search warrant to search the apartment. During this second search, more incriminating evidence was found that was used against Fechete at trial.

Fechete argues two bases for suppressing this evidence. First, that Schneider was a registered sex offender and was allowed to "coerce" Fechete's girlfriend. Even if this allegation were true, it is unclear which law would be violated, and Fechete submits no authority on this point. Second, Fechete argues that "Schneider made the entry and search of [Fechete's] apartment and belongings to assist law enforcement and to further his own personal ends." (Dkt. No. 20 at 11.) As set out above, the record reflects that Schneider passed along to the Government information he had received from Fechete's girlfriend. Fechete has submitted no evidence that Schneider was, in fact, performing a search at the Government's urging. As neither of these arguments is sufficient to suppress the evidence obtained in the search of Fechete's apartment, neither can form the basis for a claim of ineffective assistance of counsel.

*Counsel's Failure to Review Discovery*

Fechete argues that his counsel failed to review with him the discovery material "during the entire process including materials presented shortly before trial." (Dkt. No. 20 at 12.) It is not clear whether Fechete argues that Mr. Hill possessed exculpatory evidence that he kept from Fechete, or that Mr. Hill failed to make a request of the Government for exculpatory evidence. In either case, Fechete has failed to show that any such exculpatory evidence even exists.

Based on Fechete's statement that "had this recording been tendered to his counsel or had his counsel requested such it could have been used to his benefit," (*Id*. at 13), Fechete's

7

argument can only be read to mean that Mr. Hill never possessed the exculpatory evidence, but should have. However, this argument lacks any specificity. The only description Fechete provides is of "phone recordings for the [G]overnment" made by Schneider. (*Id*. at 12.) Fechete does not even allude to the timing of the recordings, the content, or the participants. "A *Brady* violation occurs when the government fails to disclose evidence materially favorable to the accused." *Youngblood v. West Virginia*, 547 U.S. 867, 869 (2006). Yet, Fechete fails to identify exactly what evidence the Government has failed to disclose. That any such evidence exists, without some further showing, is entirely speculative, and Mr. Hill's failure to argue its existence does not amount to ineffective assistance.

*Counsel's Failure to Dispute Loss Amount*

Fechete alleges that his counsel failed to dispute the actual amount lost by the victims, resulting in a higher sentence. (Dkt. No. 20 at 13-16.) This assertion is not supported by the record. In both of the sentencing hearings, Mr. Eberhardt (Dkt. Nos. 616, 685) and Mr. Scudder (Dkt. No. 1046) each argued at length that the loss amounts should be recalculated. This argument has been considered and rejected. As the Seventh Circuit noted, "Mr. Fechete has waived any objections to the reliability of the spreadsheets," and required only that this Court correct "the mathematical errors that appear to have been made when calculating losses attributable to [two of the co-defendants]." *Aslan*, 644 F.3d at 553. Moreover, Fechete has failed to produce any evidence supporting his claim that the amounts were incorrect or unreliable. Therefore, not only has Fechete failed to show prejudice with respect to the spreadsheets, both appointed counsel for his sentencings put forward arguments to this end. Fechete has failed to show any of his counsel was ineffective for this reason.

*Court's Failure to Order Manner in which Restitution is to be Paid*

Fechete asserts that the lack of specific instructions regarding his payment of restitution have "caused prejudice to the continuation of [his] daily regiment and life even during incarceration." (Dkt. No. 20 at 16.) This argument is improper in the instant petition for two reasons. First, the payment of restitution is not a constitutional issue, and Fechete may not use a section 2255 petition as a way to circumvent a direct appeal. *United States v. Frady,* 456 U.S. 152, 165 (1982); *see also Barker v. United States,* 7 F.3d 629, 632 (7th Cir. 1993) ("the failure to raise an issue on direct appeal generally bars a defendant from raising it in a subsequent post-conviction proceeding."). Second, restitution cannot be challenged in a petition filed pursuant to § 2255. *Barnickle v. United States*, 113 F.3d 704, 706 (7th Cir. 1997).

*Counsel's Failure to Present Mitigating Factors Under 18 U.S.C. § 3553(a)*

Despite the heading of this ground in Fechete's Petition, Fechete in fact argues that the Court did not give his counsel opportunity to present mitigating circumstances under § 3553(a). (Dkt. No. 20 at 17-19.) Primarily, Fechete argues that he could have presented evidence demonstrating that he was coerced into committing the acts for which he was convicted and sentenced. However, the Seventh Circuit already addressed this contention when it stated, "We agree with counsel that the court committed no procedural error in arriving at the sentencing range, considering the section 3553(a) factors and setting the sentence." *Fechete,* 497 Fed. App'x at 630. Indeed, Fechete's counsel filed a memorandum and argued for mitigation at the sentencing hearing. Fechete was afforded his right to allocution. Neither Fechete's argument nor his counsel's included even a mention of any coercion.

Even if Fechete could show that his counsel or the Court had prevented him from presenting evidence of coercion, he has failed to identify specifically how he was prejudiced. A substantial consideration at sentencing was Fechete's failure to take responsibility for his actions. Therefore, any argument shifting blame only reinforces that consideration.

*Counsel's Failure to Allow Fechete to Enter a Plea*

Fechete asserts that he has "maintained from day one that he was willing to plead guilty to a portion of his charges but his counsel would not let him do so." (Dkt. No. 20 at 19.) This assertion is not supported by the record. As set out above, Mr. Greene informed Fechete of the possibility of pleading guilty, and Fechete's response was to move the Court to substitute a "trial lawyer" for Mr. Greene. As the Government argues, Mr. Hill's sworn statement reflects Fechete's continuing disfavor for pleading guilty:

> I deny Fechete told me he wanted to plead guilty and take responsibility for some of the charges. I deny I would not allow him to do so. I deny Fechete said he wanted to inform the judge that he wanted to take responsibility for some of the charges and that I told him he could not plead guilty to some of the charges. I deny I refused to allow him to enter a guilty plea.

(Dkt. No. 23, Ex. D.)

Also, Fechete was before the Court numerous times and never mentioned wanting to plead guilty to any offense. Instead, Fechete spent his allocution "focused on what he considered to be his piffling profits" and insisting "he was 'not an angel,' nor was he 'the worst person in the world or even on this case.'" *Fechete*, 497 F. App'x at 631. There is no evidence that Fechete would have used his allocution to express remorse and responsibility if only he had been allowed to plead guilty. Therefore, no prejudice has been shown.

10

*Government's Illegal Acquisition of Recorded Phone Calls*

Finally, Fechete alleges that the Government illegally obtained recorded phone calls between Fechete and Schneider and that his counsel should have moved to suppress those calls. However, Fechete submitted a document he signed, stating that his calls would be monitored and recorded. This acknowledgment forecloses objective and subjective reasonable expectations of privacy. *United States v. Carlisle*, 614 F.3d 750, 756 (7th Cir. 2010); *see also United States v. Van Poyck*, 77 F.3d 285, 290-91 (9th Cir. 1996) ("Even if Van Poyck believed that his calls were private, no prisoner should reasonably expect privacy in his outbound telephone calls.").

Even if Fechete's counsel could successfully have moved to suppress the recorded call, there would have been no change in the outcome. The call introduced by the Government concerned Fechete's instructions to Schneider to give Fechete two-hundred dollars per week while Fechete was incarcerated. This conversation was introduced only to establish that Fechete directed the actions of his co-conspirators. To this end, the Government submitted substantial corroborating evidence, including the testimony of three co-conspirators that Fechete was both a participant and a supervisor of the scheme.

*Certificate of Appealability*

"A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

To obtain a certificate of appealability under § 2253, a petitioner must demonstrate the denial of a constitutional right. This requires the petitioner to show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel,* 120 S.Ct. 1595, 1603-04 (2000). Where the district court has rejected the constitutional claims on their merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Id.* at 1604. As discussed above, Fechete has not demonstrated that his counsel behaved unreasonably and did not show a possibility of prejudice under the *Strickland* test. Therefore, Fechete has not demonstrated the denial of a constitutional right with respect to his ineffective assistance claim. Accordingly, a certificate of appealability shall not issue.

## CONCLUSION

For the reasons discussed above, Defendant's Motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, [1] is denied.

Date:  11/20/2014

JOHN W. DARRAH
United States District Court Judge